**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDELBARTO PADILLA, | : : | |
| Petitioner, | : : | Civil Action No. 20-1353 (JMV) |
| v. | : : | **OPINION & ORDER** |
| BRUCE DAVIS, et al., | : : | |
| Respondents. | : : | |

Before the Court is Petitioner's request seeking a stay and abeyance of this matter while he pursues unexhausted claims in state court. (D.E. 1-1.) Pursuant to the Court's earlier Order, Petitioner explained the specifics of his unexhausted claims and submitted a copy of his second post-conviction relief ("PCR") petition. (D.E. 3, 4.)

To merit a stay, Petitioner must establish: (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

With those principles in mind, Petitioner's unexhausted claims are of the ineffective assistance of counsel in PCR proceedings. (D.E. 3, 23–28.) Generally, ineffective assistance of PCR counsel claims are not cognizable under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Similarly, the Supreme Court has held that "a petitioner cannot claim constitutionally ineffective

assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  In *Martinez v. Ryan*, 566 U.S. 1 (2012), however, the Supreme Court set forth a limited exception to this rule and held that inadequate assistance of PCR counsel at initial review proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9.

In the present case, Petitioner argues that PCR counsel failed to raise twelve claims of ineffective assistance of trial counsel and two claims of ineffective assistance of appellate counsel. (D.E. 3, at 24–26.)  Accordingly, the Court *may* be able to construe most of these claims as parts of ineffective assistance of *trial* counsel claims, which are cognizable under § 2254. *Gamble v. Johnson*, No. 15-8358, 2019 WL 366558, at *2 (D.N.J. Jan. 30, 2019).  In other words, the Court could construe "that Petitioner failed to raise certain ineffective assistance of trial counsel claims at his first PCR proceeding because of the alleged ineffective assistance of his PCR counsel." *Id*.

As a result, the Court finds that Petitioner demonstrates "good cause"[1] under *Rhines* to issue a stay. *See Suarez v. Johnson*, No. 17-2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017) (finding *Martinez* claims sufficient to establish "good cause" under *Rhines*).  Further, the Court finds that the claims are not "plainly meritless," and that Petitioner is not engaging in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78.  Consequently, the Court finds that Petitioner has met his burden under *Rhines* and will grant his request to stay this matter.  Accordingly,

IT IS, on this 1st  day of March 2021,

---

[1] The Court recognizes that two of Petitioner's claims stemming from the ineffective assistance of appellate counsel are insufficient to meet the requirements under *Rhines*. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (finding that *Martinez* does not apply to a procedurally defaulted claim of ineffective assistance of appellate counsel).  Nevertheless, the Court will grant the stay based on Petitioner's other claims and will permit Petitioner to exhaust all of the claims in his second PCR petition. *See Gamble*, 2019 WL 366558, at *2 (concluding similarly).

**ORDERED** that Petitioner's request to stay this matter is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this matter until Petitioner has exhausted the claims in his second PCR petition; and it is further

**ORDERED** that within thirty (30) days of exhausting his claims, *i.e.*, after a final decision from the Supreme Court of New Jersey, Petitioner may request that this Court reopen this matter and lift the stay; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

JOHN MICHAEL VAZQUEZ<br>
United States District Judge